WO                                                                                          JL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Brandon Pierre July, Sr.,                         No.   CV 21-00282-PHX-JAT (MHB)

            Plaintiff,

v.                                                        **ORDER**

Paul Penzone, et al.,

            Defendants.

On February 12, 2021, Plaintiff Brandon Pierre July, Sr., who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a February 23, 2021 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 3, 2021, Plaintiff filed his First Amended Complaint.  In a March 12, 2021 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On March 10, 2021, Plaintiff filed a Request for Entry of Default Judgment (Doc. 8)[1] and on March 25, 2021, he filed a Second Amended Complaint (Doc. 10).  The Court

_____

[1] The Request for Entry of Default Judgment was not docketed until March 12, 2021.

JDDL-K

will deny the Request, dismiss the Second Amended Complaint, and grant Plaintiff **one final opportunity to amend his claims**.

## I.       Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

. . . .

---

In the Request, Plaintiff asserts that Defendant was "se[rv]ed" with the Complaint on February 11, 2021 and failed to respond within the time provided in the Federal Rules of Civil Procedure.  Contrary to Plaintiff's assertion, no Defendant has been served in this case.  Merely *filing* a civil rights complaint does not amount to service on any Defendant.  Rather, the Court must first screen pro se prisoner civil rights complaints to determine *whether* any named Defendants should be served.

1  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
2  must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342
3  (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent
4  standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551
5  U.S. 89, 94 (2007) (per curiam)).

6  If the Court determines that a pleading could be cured by the allegation of other
7  facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
8  of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).
9  Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, but
10 because it may possibly be amended to state a claim, the Court will dismiss it with leave
11 to amend.  <u>**This will be Plaintiff's final opportunity to amend his claims**</u>.

12 **II.    Second Amended Complaint**

13 In his two-count Second Amended Complaint, Plaintiff sues Maricopa County
14 Sheriff Paul Penzone, Captain Spuron, Sergeant Parker, and Hearing Sergeant Johnson.
15 Plaintiff asserts claims of denial of access to counsel and a threat to his safety.  He seeks
16 monetary relief.

17 In Count One, Plaintiff alleges that on January 8, 2021, he submitted a request for a
18 legal call, as Defendant Parker had instructed him to do.  Plaintiff's request for a legal call
19 was not approved.  The same day, Plaintiff submitted a grievance directed to Defendant
20 Penzone.  Plaintiff contends this "show[]s" that Defendant Penzone "is notified of any and
21 all" grievances submitted by detainees at the 4th Avenue Jail.  Plaintiff asserts that
22 Defendant Penzone "cho[]se not to correct the error that occur[r]ed."

23 Plaintiff alleges that because he was not allowed to make the legal call, he could not
24 inform his legal advisor "of a question he needed answered" before filing a motion in his
25 criminal proceeding, where he is proceeding pro se.  Plaintiff asserts the failure to approve
26 the legal call violated his civil rights as well as jail policy.  He also contends that Defendant
27 Penzone, as Sheriff, "is informed of all issues involving his jail" but chose not to address
28 and correct "the problem," as did the other named Defendants.  Plaintiff claims a motion

in his criminal proceeding that, if granted, could have "ex[]onerated" him," was denied because he was unable to contact his legal advisor.  Plaintiff also alleges that he has been mentally and physically "[a]ffected."

In Count Two, Plaintiff alleges that on February 10, 2021, he was taken to an observation pod and placed in a cell alone.  The cell was unsanitary and unsafe, and Plaintiff requested cleaning supplies, but his requests were denied.  Plaintiff "requested" a Sergeant and the Captain so that his "issue" could be addressed, but he was "denied that as well."  Plaintiff submitted a grievance directed to Defendant Penzone.  Plaintiff asserts that Defendant Penzone is "ke[pt] informed" of all issues in the Jail through grievances and by the Captain.  Plaintiff alleges he went through the channels "they" tell detainees they must take if they have been "wronged or have an issue" and completed all the paperwork, but his issues were not resolved.  Plaintiff contends that the floor officers—Defendants Parker, Spuron, and Johnson—and Defendant Penzone failed to follow CDC guidelines for maintaining sanitary conditions and safe distancing by housing eight detainees in one cell.  Plaintiff asserts detainees were not tested for COVID-19.

**III.   Failure to State a Claim**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

**A.   Defendant Penzone**

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

1    does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton*

2    *v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

3    Cir. 1989).   "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a

4    plaintiff must plead that each Government-official defendant, through the official's own

5    individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

6         Plaintiff has not alleged that Defendant Penzone personally participated in a

7    deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act,

8    or formed policies that resulted in Plaintiff's injuries.   Although Plaintiff directed his

9    grievance to Defendant Penzone by putting Penzone's name at the top of the grievance,

10   this alone does not support a conclusion that Penzone was aware of the grievance.

11   Furthermore, even if Defendant Penzone received Plaintiff's grievance, Penzone's failure

12   to respond to the grievance, in itself, does not amount to a constitutional violation.  *See*

13   *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of

14   entitlement to a grievance procedure.").

15        In addition, Plaintiff's inability to contact his legal advisor on one occasion does not

16   amount to a constitutional violation.   To the extent that Plaintiff is attempting to assert a

17   Sixth Amendment claim, a § 1983 claimant alleging a violation of the Sixth Amendment

18   may satisfy the injury requirement by demonstrating that his ability to confer privately with

19   his attorney has been "chilled."  *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014).

20   Plaintiff does not allege that his ability to privately confer with his legal advisor has been

21   "chilled" or that he had no other means of communicating with his legal advisor.  *Cf. Pino*

22   *v. Dalsheim*, 558 F. Supp. 673, 674-75 (S.D.N.Y. 1983) (although plaintiff and his attorney

23   would have preferred to communicate by telephone, the state "is not obligated to provide

24   the *best* manner of access," and, therefore, there was no constitutional violation where

25   inmate was limited to two, eight-minute phone conversations per month but was allowed

26   unlimited mail correspondence with his attorney and unlimited private visits).   Thus,

27   Plaintiff has not stated a Sixth Amendment claim in Count One.

28        To the extent that Plaintiff intends to assert an access-to-the-courts claim, he

1    likewise fails to state a claim.  The right of meaningful access to the courts prohibits

2    officials from actively interfering with inmates' attempts to prepare or file legal documents.

3    *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right

4    to bring petitions or complaints to federal court and not a right to discover such claims or

5    even to ligate them effectively once filed with a court.  *Id.* at 354.  The right "guarantees

6    no particular methodology but rather the conferral of a capability–the capability of bringing

7    contemplated challenges to sentences or conditions of confinement before the courts." *Id.*

8    at 356.

9         As a matter of standing, for an access-to-courts claim, a plaintiff must show that he

10   suffered an "actual injury" with respect to contemplated litigation.  *Id.* at 349.  To show

11   actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the

12   defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim

13   that he wished to present.  *Id.* at 352-53.  A plaintiff must also describe the non-frivolous,

14   arguable claim in his complaint.  *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002).

15        Plaintiff's allegations are too vague and conclusory to support a conclusion that he

16   suffered an actual injury as a result of his inability to make a legal call.  Plaintiff alleges

17   that he was unable to file a motion that could have exonerated him, but he does not provide

18   any factual detail regarding the content of the motion or how it could have exonerated him.

19   Thus, Plaintiff fails to state an access-to-the-courts claim in Count One.

20        Finally, to the extent that Plaintiff alleges that Defendant Penzone violated jail

21   policy, Plaintiff fails to state a claim because mere violations of jail policy are not

22   tantamount to a constitutional violation.  *Cf. Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th

23   Cir. 2009) (finding defendants entitled to qualified immunity because "[violations of] state

24   departmental regulations do not establish a federal constitutional violation").

25        In sum, Plaintiff has failed to state a claim against Defendant Penzone, and this

26   Defendant will be dismissed.

27        **B.    Defendants Parker, Spuron, and Johnson**

28        Plaintiff has not specifically connected any of the allegations in the Second

JDDL-K

1   Amended Complaint to Defendants Parker, Spuron, and Johnson.

2   In Count One, Plaintiff alleges that Defendant Parker instructed him how to request

3   a legal call, but that bare allegation is insufficient to support a conclusion that Defendant

4   Parker's conduct in any way resulted in any injury to Plaintiff.

5   Plaintiff also alleges that Defendants Parker, Spuron, and Johnson failed to maintain

6   sanitary conditions and placed detainees in overcrowded cells.  A pretrial detainee has a

7   right under the Due Process Clause of the Fourteenth Amendment to be free from

8   punishment prior to an adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

9   "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care,

10   and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)

11   (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).  To state a claim of

12   unconstitutional conditions of confinement against an individual defendant, a pretrial

13   detainee must allege facts that show:

14   
15   
16   
17   
18   
19   
20   
> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

21   *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

22   Whether the conditions and conduct rise to the level of a constitutional violation is

23   an objective assessment that turns on the facts and circumstances of each particular case.

24   *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).  However, "a de minimis

25   level of imposition" is insufficient.  *Bell*, 441 U.S. at 539 n.21.  In addition, the "'mere lack

26   of due care by a state official' does not deprive an individual of life, liberty, or property

27   under the Fourteenth Amendment."  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071

28   (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).  Thus, a

plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiff's vague and conclusory allegation that Defendants Parker, Spuron, and Johnson collectively failed to maintain sanitary conditions and placed detainees in overcrowded cells is insufficient to support a conclusion that any Defendant *specifically* was aware of and disregarded a substantial risk of serious harm to *Plaintiff*. Thus, Plaintiff has failed to state a claim against Defendants Parker, Spuron, and Johnson, and these Defendants will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above. **This will be Plaintiff's final opportunity to amend his claims**. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of any prior Complaint by reference. Plaintiff may include only one claim per count.

A third amended complaint supersedes all prior Complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat all prior Complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in any prior Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

. . . .

**V.    Warnings**

    **A.    Release**

        If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

        Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Possible "Strike"**

        Because the Second Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **D.    Possible Dismissal**

        If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Request for Default Judgment (Doc. 8) is **denied**.

(2)    Plaintiff's Second Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.  **This will be Plaintiff's final opportunity to amend his claims**.

(3)    If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(4)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 5th day of April, 2021.

James A. Teilborg
Senior United States District Judge

JDDL-K

## Instructions for a Prisoner Filing a Civil Rights Complaint
## in the United States District Court for the District of Arizona

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:
U.S. District Court Clerk                                 U.S. District Court Clerk
U.S. Courthouse, Suite 130                        U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona  85003-2119                  Tucson, Arizona  85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

          I hereby certify that a copy of the foregoing document was mailed
          this _____ (month, day, year) to:
          Name:   _____
          Address:_____
                         Attorney for Defendant(s)

          _____
          (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

1.   Your Name.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   Defendants.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                 Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
              (To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The  first  Defendant  is  employed
as: _____ at_____.
                            (Position and Title)                                                      (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
                            (Position and Title)                                                      (Institution)

3.   Name of third Defendant: _____.  The  third  Defendant  is  employed
as: _____ at_____.
                            (Position and Title)                                                      (Institution)

4.   Name of fourth Defendant: _____.  The  fourth  Defendant  is  employed
as: _____ at_____.
                            (Position and Title)                                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:  _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

   b.  Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:  _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

   c.  Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number:  _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____ .

2.    **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail             ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                      ☐ Yes      ☐ No
      b.    Did you submit a request for administrative relief on Count I?           ☐ Yes      ☐ No
      c.    Did you appeal your request for relief on Count I to the highest level?  ☐ Yes      ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
            did not. _____
            _____ .

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated:   _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                  ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?               ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes        ☐ No
   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes        ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes        ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                            DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.